UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ESTATE OF DOUGLAS L. MANSHIP, ET AL | CIVIL ACTION |
| VERSUS | NO. 04-91-C-M2 |
| UNITED STATES OF AMERICA | |

### RULING AND ORDER

This matter is before the Court on the Motion for Payment of Expert Discovery Fees (R. Doc. 297) filed by defendant, United States of America ("United States"). Plaintiffs, the Estate of Douglas L. Manship, deceased ("the Estate"); David C. Manship; Richard F. Manship; Douglas L. Manship, Jr.; and Dina Manship Planche (collectively "plaintiffs"), have filed an opposition (R. Doc. 311) to the United States' motion as well as a Motion for Evidentiary Hearing. (R. Doc. 312).

Through the present motion, the United States seeks to have the Court enter an order requiring the plaintiffs to pay the sum of $208,107.80 for fees incurred by the United States as a result of its experts having their depositions taken by the plaintiffs and as a result of its experts responding to the plaintiffs' subpoenas *duces tecum*. The plaintiffs oppose the United States' motion and contend that it should be denied on the following grounds: (1) the motion is premature because expert discovery is not yet complete and all relevant expert fees/expenses have not yet been incurred,[1] and since *Daubert* motions

---

[1] Plaintiffs have submitted sworn affidavits from their three experts, indicating that they are still in the process of responding to subpoenas *duces tecum* recently served upon them by the United States and are therefore continuing to accrue expert fees in this matter.

have not yet been filed relative to experts whose testimony/reports may be excluded;[2] and (2) if the Court decides the United States' motion for fees now, the motion should be denied because the United States has failed to carry its burden of proving that the expert fees requested are reasonable.  The plaintiffs also request that, whenever the Court elects to decide the United States' motion (whether now or at the conclusion of expert discovery), an evidentiary hearing be held so that they can cross-examine the United States' expert witnesses to determine the reasonableness of the claimed expert fees.[3]  Finally, the plaintiffs request that, when the Court decides this motion, they receive an "offset" for the fees incurred by their expert witnesses relative to deposition preparation, being deposed by the United States, and responding to multiple subpoenas *duces tecum* served by the United States, which amount presently totals $193,176.13.

The Court agrees with the plaintiffs that, until all expert discovery is completed and all *Daubert* motions are filed and ruled upon by the Court, a final decision cannot be reached on the present motion because the Court will not know the final claimed fees by each party's expert witnesses and therefore will be unable to offset the fees and determine a net amount owed.  Considering the abundance of expert discovery and motion practice

---

[2] Plaintiffs argue that they should not be required to pay the expert witness fees for any expert of the United States whose testimony/report is ultimately excluded by the Court under *Daubert*.

[3] In their opposition, the plaintiffs discuss numerous examples of vague billing entries by the United States' experts which do not describe the nature, quality and complexity of the tasks for which the expert is billing in the entry.  The plaintiffs contend that an evidentiary hearing is necessary for them to determine exactly what the United States' experts were doing relative to those vague time entries and whether their claimed fees are reasonable under the jurisprudential standards set forth in the plaintiffs' opposition.

that has been conducted in this case as well as the extreme likelihood that the parties will be unable to agree upon any offsets on their own once all discovery has been completed, it would be impractical and inefficient for the Court to rule on this motion now, when expert discovery is still outstanding, and then have to rule again in the future when subsequent motions are filed relative to expert expenses that are continuing to accrue.  Accordingly, the Court will deny the present motion for expert fees without prejudice to the United States refiling it after expert discovery has been completed and all *Daubert* motions have been filed and ruled upon by the Court.

Additionally, although the Court agrees with the plaintiffs that a number of the United States' experts' billing entries are ambiguous and require further explanation before a determination can be made as to whether the fees requested by the United States are reasonable (as will probably also be the case once the plaintiffs' experts' billing entries are submitted to the United States for payment), the more efficient way for both parties to obtain further information regarding the billing entries is to propound written discovery requests to the opposing party (even if such requests exceed the number allowed under the Federal Rules).  The plaintiffs' request for an evidentiary hearing relative to the present motion will therefore be denied.

Accordingly;

**IT IS ORDERED** that the Motion for Payment of Expert Discovery Fees (R. Doc. 297) filed by defendant, United States of America, is hereby **DENIED WITHOUT**

**PREJUDICE** to the United States refiling it after expert discovery has been completed and all *Daubert* motions have been filed and ruled upon by the Court.

    **IT IS FURTHER ORDERED** that the Motion for Evidentiary Hearing (R. Doc. 312) filed by plaintiffs be **DENIED WITH PREJUDICE**, as the information to be obtained at the requested evidentiary hearing can instead be ascertained through the use of written discovery requests.

    Signed in chambers in Baton Rouge, Louisiana, March 12, 2008.

                                                   **MAGISTRATE JUDGE CHRISTINE NOLAND**