UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ESTATE OF DOUGLAS L. MANSHIP, *et al.*, | ) Civil Action No. 3:04-91-RET-CN<br>) Judge Tyson<br>) Magistrate Judge Noland |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

PROTECTIVE ORDER
REGARDING SUBPOENA ISSUED TO CLAIBORNE

THIS CAUSE having come before the Court upon "Vanessa B. Claiborne's Motion For A Protective Order And To Modify Subpoena Issued To Vanessa b. Claiborne," and upon consideration of such motion and the opposition filed by the Defendant United States of America thereto, and being duly informed in the premises, the Court hereby ORDERS and ADJUDGES as follows pursuant to the Ruling and Order dated March 10, 2008:

1.  Vanessa B. Claiborne has been designated by the Plaintiffs as an expert witness in the above-captioned case. On November 16, 2007, the Defendant United States issued a subpoena *duces tecum* from the United States District Court for the Eastern District of Louisiana to Vanessa B. Claiborne individually and as the Executive Vice President and a Representative of Chaffe & Associates, Inc. ("Claiborne"), commanding her to produce and permit the inspection and copying of certain documents. Paragraphs 6, 8, 10, 11, and 12 of the attachment to the subpoena, as amended, requested the production of the following information:

    6.  Each document or other responsive item constituting the final and each interim draft of any expert report authored or co-authored by Vanessa B. Claiborne, or upon which Vanessa B. Claiborne collaborated, in any legal proceeding since January 1, 2001, in which Vanessa B. Claiborne was engaged as, or treated as, or designated as, an expert witness.
        ...

    8.  With respect to all legal proceedings, all deposition and hearing/trial transcripts (or affidavits or declarations in lieu of testimony in open court), including or concerning the testimony of Vanessa B. Claiborne, including cross

examination and any exchange, colloquy or court ruling regarding the qualifications of Vanessa B. Claiborne to testify in those matters and any engagement letter executed between Vanessa B. Claiborne and any person or entity for whom she offered testimony or any law firm or lawyer representing any such person or entity.  For deposition and hearing/trial transcripts (or affidavits or declarations in lieu of testimony in open court) dated or given before January 1, 2001, this paragraph shall be limited to deposition and hearing/trial transcripts (or affidavits declarations in lieu of testimony in open court) concerning in whole or in part the valuation of a minority interest in a closely held corporation, limited liability company, or similar juridical entity.

...

10.  All deposition and hearing/trial transcripts including or concerning the testimony of Vanessa B. Claiborne, including cross examination and including any exchange or colloquy, with respect to any legal proceedings in which a court ruled the testimony of Vanessa B. Claiborne, in whole or in part, (a) to be unreliable or would not assist the trier of fact, or (b) was not based upon facts or data  reasonably relied upon by other experts in the fields in which Vanessa B. Claiborne claimed expertise, including the field of valuation of stock or assets of a corporation, limited liability company or similar entities, or (c) was not based on a theory or technique that was generally accepted in the scientific community, or (d) was not subjected to peer review and publication, or (e) was not and could not be tested, or (f) had an unacceptable rate of error, or (g) that the probative value of the opinion of Vanessa B. Claiborne was outweighed by the danger of confusing the issues or misleading the jury, or (h) that the opinion of Vanessa B. Claiborne was unfairly prejudicial or that the probative value of her testimony was outweighed by potential cause for confusion, or (i) that the experience of Vanessa B. Claiborne was not relevant or she was not otherwise qualified in the field of expertise in which she was tendered or offered as an expert, or (j) that the opinions of Vanessa B. Claiborne were speculative or unreliable.

11.  Each document or other responsive item constituting a motion or other pleading filed by or against Vanessa B. Claiborne in any legal proceeding in which her qualifications to offer expert testimony or opinion evidence was challenged by any other party to the proceeding or found by any judge or court to be insufficient to permit her to testify and each document or other responsive item constituting a response, reply or rejoinder filed by Vanessa B. Claiborne or on her behalf.

12.  Each document or other responsive item in the form of an affidavit or sworn statement of testimony previously signed by Vanessa B. Claiborne and intended to be offered or offered in support of a party's motion for summary

        judgment in a legal proceeding involving the valuation of a corporation, limited liability company, or similar juridical entity.

2.      Claiborne was an expert witness in these prior court cases:

      a.      *G & C Auto Body, Inc., et al v. Geico General Insurance Company* USDC NDCA San Francisco No. 3:06-CV-04898 (MJJ)

      b.      *In the matter of the Arbitration Between Reliable Onshore Services Co., LLC Claimant, v. Tanner Companies, Inc., Respondent*

      c.      *Ralph J. Giardini v Ruth U. Fertel, Inc., et al* No. 001674, USDC, Eastern District of Louisiana

      d.      *Gary Williams vs. Chemtech Chemical Services, LLC, et al* 23rd JDC, Parish of Ascension, No. 68-952, Division "C"

      e.      *Kaplan v. Speer* 15th JDC, Vermillion Parish, Docket No. 63085

**Throughout the remainder of this order, these cases are referred to, collectively, as the "Confidential Cases."** Protective orders were entered by the courts in each of the foregoing cases that limited the disclosure of information designated as "confidential" by the parties to those cases. In conjunction with this Court's Ruling and Order dated March 10, 2008, the following restrictions and obligations will govern the confidentiality of materials from the Confidential Cases produced by Claiborne to the Defendant United States in the above-captioned proceeding.

3.      Documents produced by Claiborne related to the Confidential Cases shall be treated as "confidential" in this case. To the extent such materials have not already been marked "Confidential," the documents, and any copies thereof, (**collectively, the "Confidential Materials"**) shall be marked "Confidential" when produced by Claiborne to the Defendant United States in response to the subpoena issued to her.

4.      The Confidential Materials, which are appropriately marked, any copies thereof and any information contained therein or derived therefrom (**collectively, "Confidential Case Materials"**), shall be made available only to the following persons when needed by them in connection with their duties in the conduct of this action:

      a.      The parties in the case;

      b.      Attorneys of record in this action and their partners or associate attorneys. their supervisors and support staff;

    c.    Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firm;

    d.    Any expert, attorney, consultant, or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the direct supervision of said persons;

    e.    The officers, directors or employees of a party to this litigation, only to the extent that such persons are assisting counsel for that party in the conduct of this litigation;

    f.    The Court and the Clerk of the Court, and their staff;

    g.    Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony; and,

    h.    Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

5. The Confidential Case Materials which are marked and identified as described above shall be used solely in connection with the preparation, trial, retrial and/or appeal of this lawsuit.

6. All experts to whom the information is disclosed shall, by reviewing the Confidential Case Materials, agree to jurisdiction of this Court over their person for the purposes of any action seeking to enforce the terms and conditions of this Order or any action for contempt for violation of the terms of this Order. All persons, whether natural persons or legal entities, except for persons described in paragraphs 4(b), 4(c), 4(f), and 4(g), to whom the information is disclosed will provide their name, address and telephone number and sign the attached "Exhibit A" evidencing their agreement to the terms of this Order. The originals of the signed Exhibit A's shall be available for inspection and copying within a reasonable time upon written request of a party to this case or the Confidential Cases.

7. No copies of any of the Confidential Case Materials shall be made or furnished, and no information contained therein shall be disclosed to any person, firm or corporation except those identified in this Order. No person to whom confidential materials are disclosed pursuant to the provisions of this Order shall disclose confidential materials to any person

> not entitled, under the terms of this Order, to receive it, nor shall any such person otherwise use confidential materials except in compliance with the terms of this Order.

8. Prior to the disclosure of any of the materials or information covered by this Order to any person other than a person coming within the description in paragraphs 4(b), 4(c), 4(f), or 4(g) herein, the attorney making such disclosure shall furnish a copy of this Order to the person, firm, or corporation to whom the materials or information contained therein is to be disclosed, and shall advise such person that, pursuant to this Order, such confidential materials, or the information contained therein, may not be divulged or disseminated, in any way, to any other person, firm, corporation, or other legal entity. In the event that a person, firm, corporation, or other legal entity, after being furnished with a copy of this Order as required above, refuses to abide by the terms of the Order, counsel for the party seeking to disclose Confidential Case Materials to such person, firm or corporation shall, <u>prior to any disclosure</u>, consult with counsel for the other parties and counsel in the Confidential Cases (depending upon what part of the Confidential Case Materials is to be disclosed) in a good faith effort to resolve by agreement the dispute regarding the desired disclosure. If no agreement can be reached after conference on the matter, the party seeking disclosure shall file a motion within 7 business days seeking the Court's resolution of the dispute and shall provide counsel in the Confidential Cases with reasonable notice of that motion. The Confidential Case Materials shall not be disclosed to the person, firm or other entity pending a ruling by the Court.

9. If any Confidential Case Materials are included with, or the contents thereof are in any way disclosed by, any pleading or other paper filed with the Court or deposition transcript, such Confidential Case Materials shall be filed under seal by the party filing the pleading or other paper, until further Order of the Court.

10. This Order will in no way restrict the use of Confidential Case Materials at trial or other hearing before the Court except as specifically provided by Order in Limine or other order of the Court directly addressing such use, and except as otherwise stated herein.

11. At the conclusion of this litigation, all Confidential Case Materials, all copies thereof, and all information contained therein, except work product, materials filed with the Court, exhibits, and transcripts (including exhibits) for this case, shall remain confidential pursuant to the terms of this agreement and be destroyed. In addition, the defendant United States may retain copies of all other documents required to be maintained by the United States Department of Justice's record retention policy.

12. Any notes, memoranda, summaries, identification or indices relating to any of the Confidential Case Materials produced during the course of this litigation shall not be disseminated to any persons other than those specifically authorized by this Order, and shall be used solely in connection with the preparation, trial, retrial and/or appeal of this lawsuit, and for no other purpose. All such notes, memoranda, summaries, identification

or indexes relating to such Confidential Case Materials, and any copies thereof, prepared by the attorneys of record are subject to the terms of this Order for as long as such documents exist.

13. Nothing contained in this Order shall prevent a person from disclosing Confidential Case Materials as required by a lawful subpoena or other compulsory process, provided that prior to doing so, the person from who the Confidential Case Materials are sought shall promptly give notice thereof to the parties to this case and to the Confidential Cases (depending upon what part of the Confidential Case Materials is to be disclosed) with a copy of the subpoena or other process so as to provide such parties an opportunity to seek a protective order.

14. This Order, and its terms, may be modified by any subsequent protective order to which the parties in this case and the Confidential Cases (depending upon what part of the Confidential Case Materials is to be disclosed) have agreed and/or which is entered by this Court after reasonable notice and an opportunity for the parties to the Confidential Cases to appear.  Any such subsequent protective order will be effective after it is signed by the Court, and only for the period of time specified in such protective order.  After each such protective order expires, this Order shall once again be effective.

15. Neither the terms of this Order nor any action in compliance with it shall operate as an admission of the confidentiality of the information or the document.  The parties in this case are specifically given the right to request that this Court modify or otherwise grant relief from any provision of the Order notwithstanding their approval or agreement to this Order.  Such right includes, but is not limited to, the right to request that this Court modify this Order to expressly permit the disclosure and use of Confidential Case Materials for any civil fraud or criminal referral.

16. To the extent the provisions of this Order conflict, in whole or in part, with any of the protective orders entered in the Confidential Cases, such protective orders are hereby modified, but only to the extent necessary to give effect to the provisions of this Order.

Signed in Baton Rouge, Louisiana, on March 27, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ESTATE OF DOUGLAS L. MANSHIP, *et al.*, | ) ) ) | Civil Action No. 3:04-91-RET-CN<br>Judge Tyson<br>Magistrate Judge Noland |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____ , declare under penalty of perjury under the laws of the United States of America that I have read and understand the terms of the Protective Order Regarding Subpoena Issued To Claiborne ("Order") entered in <u>Estate of Manship, *et al.* v. United States of America</u>, Case No. 04 CV 91, and I hereby acknowledge receipt of a copy of the same. I agree that I will not disclose any information received by me pursuant to that Order, except for purposes directly related to this litigation and as explicitly allowed by the Order. I agree to be bound by the terms and conditions of the Order and hereby consent to the jurisdiction of the United States District Court for the Middle District of Louisiana in Baton Rouge, Louisiana, for purposes of enforcing the Order.

_____
(signature)

_____
(print name)

_____
(print address)

_____
(telephone number)